

# Fourth Court of Appeals
## San Antonio, Texas

August 15, 2014

No. 04-14-00585-CR

Carlos Santos **HUERTA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR4979
Honorable Ray Olivarri, Judge Presiding

## O R D E R

The trial court imposed sentence in this appeal on January 24, 2014, and appellant did not file a motion for new trial. Because appellant did not file a timely motion for new trial, the deadline for filing a notice of appeal was February 24, 2014. *See* TEX. R. APP. P. 26.2(a)(1); *see also* TEX. R. APP. P. 4.1(a). A notice of appeal was not filed until July 1, 2014, and appellant did not timely file a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3.

We therefore **ORDER** appellant to file a written response in this court on or before showing cause why this appeal should not be dismissed for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed for want of jurisdiction. If a supplemental clerk's record is required to show jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made.

In addition, appellant entered into a plea bargain with the State in this case, pursuant to which appellant pleaded nolo contendere to the offense of indecency with a child by contact. The trial court imposed sentence in accordance with the plea agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). We have yet to determine if appellant filed a timely notice of appeal as noted above. The clerk's record, which included the trial court's rule 25.2(a)(2) certifications and written plea bargain agreements, have been filed. *See* TEX. R. APP. P. 25.2(d). This court must

dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). The record also appears to support the trial court's certification that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Accordingly, appellant is hereby given notice that this appeal will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure if an amended certification showing that appellant has the right to appeal is made part of the appellate record on or before **September 15, 2014**. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **order** all appellate deadlines suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on appellant, the attorneys of record and the court reporter.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 15th day of August, 2014.

_____
Keith E. Hottle
Clerk of Court